## HOUSTON, Plaintiff-Appellant, v. HOUSTON, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3829.   Decided October 15, 1945.

Isadore L. Margulis, Columbus, for plaintiff-appellant.
Joy H. Hunt, Columbus, for defendant-appellee.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation.

## OPINION

BY THE COURT:

This is an appeal on questions of law from the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio. The petition is one for divorce on the ground of extreme cruelty. The answer is a general denial.

The errors assigned are that the judgment is contrary to law; the judgment is against the manifest weight of the evidence, and that the Court erred in the admission of testimony. As to this last assigned error the plaintiff contends the Court erred in admitting evidence of misconduct of the plaintiff under a general denial. We are of the opinion that this claim of the appellant is well founded and that this evidence was not admissible. A correct statement of the law on this question is found in **14 O. Jur., p. 428,** which reads as follows:

"The general reputation of the defendant for chastity, in an action for divorce on the ground of adultery, is not in issue until it is put in issue by the defendant. The plaintiff's general reputation for chastity is in issue in such case but particular acts of criminality cannot be shown against him, especially when not alleged in the pleadings. The proof against the defendant must be confined to the causes alleged in the petition against him."

The appellee contends that the divorce was not refused the plaintiff because of his own misconduct, and therefore the admission of this evidence could not have been prejudicial. The entry of dismissal reads as follows:

"The Court finds that the defendant has not been guilty of extreme cruelty as charged by the said plaintiff, but has in all respects conducted herself as a good and faithful wife."

We are, therefore, of the opinion that the admission of this evidence was not prejudicial to the rights of the plaintiff.

We find no merit to the other assignments of error and feel that the evidence supports the judgment.

The judgment is affirmed.

HORNBECK, P. J., MILLER, J., and MONTGOMERY, J., concur.